Paul R. Kiesel, State Bar No. 119854
    *kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
    *koncius@kiesel.law*
Melanie Meneses Palmer, State Bar No. 286752
    *palmer@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.:   (310) 854-4444
Fax:   (310) 854-0812

F. Jerome Tapley [admitted *Pro Hac Vice*]
    *jtapley@CoryWatson.com*
Ryan Lutz [admitted *Pro Hac Vice*]
    *rlutz@CoryWatson.com*
Adam W. Pittman [admitted *Pro Hac Vice*]
    *apittman@CoryWatson.com*
**CORY WATSON, P.C.**
2131 Magnolia Avenue South
Birmingham, Alabama 35205
Tel.:   (205) 328-2200
Fax:   (205) 324-7896

[Additional attorneys listed on signature page]

Attorneys for Plaintiffs SCOTT PECKERAR
and SAMANTHA PECKERAR, on behalf of
themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT PECKERAR and SAMANTHA PECKERAR, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | **Case No. 5:18-cv-02153-DMG-SP** <br><br> <u>CLASS ACTION</u> <br><br> **PLAINTIFFS' OPPOSITION TO GENERAL MOTORS LLC'S EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

1    Plaintiffs filed their Second Amended Class Action Complaint on August 16,

2    2019, (ECF No. 58), addressing shortfalls identified by the Court in its order

3    granting and denying in part GM's motion to dismiss, (Order, ECF No. 57). GM's

4    responsive pleading was due on August 30, 2019. Fed. R. Civ. P. 15(a)(3). At GM's

5    request, Plaintiffs granted GM the professional courtesy of an extension until

6    September 17. (Order, ECF No. 60).

7    Now, one month since the filing of the Second Amended Complaint, "General

8    Motors has decided that a defect which relates to motor vehicle safety exists in" the

9    Class Vehicles (Ex. 1, "GM Recall Center") attributable to  "a specific vacuum

10   brake assist pump design," (Ex. 2, NHTSA "Safety Recall Report"). GM's Safety

11   Recall applies to approximately 3.46 million U.S. vehicles, including apparently all

12   Class Vehicles identified in Plaintiffs' SAC. (ECF No. 58 ¶ 100). GM's recall

13   vindicates Plaintiffs, and confirms the allegations they made in October of 2018.

14   (*See* ECF No. 1, ¶ 3) ("The irreparable and defective braking system supplied in all

15   of the Class Vehicles features a defective design that is prone to sudden and

16   unexpected loss of vacuum in the brake booster, requiring replacement of the brake

17   booster and/or the system's vacuum pump."). GM has known about this defective

18   design for *at least* four years. (Order, ECF No. 57, p. 5) ("Plaintiffs allege that the

19   braking defect in various 2014-2016 model year vehicles … were identified in the

20   February 2015, June 2016, and March 2017 TSBs"). GM now confirms what

21   Plaintiffs have already alleged: "If the vacuum level drops, customers may

22   experience increased brake pedal effort, hard brake pedal, and/or potentially

23   increased stopping distance." Ex. 2.

24   Notably, the recall does not address the actual faulty design that Plaintiffs

25   contend should have been disclosed to the Plaintiffs and all consumers in California.

26   Instead, the recall applies a software update to "improve how the system utilizes the

27   hydraulic brake boost function" *after* the defective vacuum pump fails. (Ex. 2). As a

28   result, even this Safety Recall cannot remedy GM's consumer fraud—GM has

1

knowingly sold millions of vehicles with defectively designed brake vacuum assist pumps for years, never told consumers, and will continue to let putative class members experience the resulting vacuum pump failures. Plaintiffs' counsel have been informed that the NHTSA investigation remains open.

GM's *ex parte* application misleadingly implies that the Safety Recall was initiated by NHTSA, and that GM was therefore caught by surprise. But "[o]n August 29, 2019, **GM's Safety & Field Action Decision Authority decided to conduct a safety recall** … ." Ex. 2, p. 4 (emphasis added). *See also* Ex. 2 at 4 (detailing timeline of the NHTSA investigation and GM's Safety Recall).

GM states that it "*was* prepared to respond to the SAC" by its own deadline *until* NHTSA announced GM's own recall. (Mot., ECF No. 62, emphasis added). In seeking a delay, GM asserts that it "could not have made this request earlier," (ECF No. 62), yet provides the Court with absolutely no explanation why that could possibly be the case. Plaintiffs have demonstrated GM's knowledge of the admittedly defective design since their Class Action Complaint was filed in October of 2018; NHTSA opened an investigation back in November of 2018 (Ex. 2 at 4); the same vehicles were **already recalled by GM** in Canada on July 12, 2019[1] (*See* SAC, ECF No. 58, ¶ 41); and GM *reopened* its previously closed internal investigation on July 18, 2019 prior to issuing this Safety Recall (Ex. 2 at 4).

Ex parte applications are solely for extraordinary relief and should be used with discretion. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Despite this Court's standing guidance,[2] GM has not exercised such discretion (yet still cites *Mission Power* in its moving papers).

> What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced

---

[1]   *See* http://gmauthority.com/blog/2019/07/gm-recall-issued-for-bad-brake-pump-after-transport-canada-probe/.

[2] *See* https://www.cacd.uscourts.gov/honorable-dolly-m-gee.

1
2
3

if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

4  *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

5  Here, there is no crisis. GM admits it was prepared to respond to Plaintiffs'
6  Second Amended Complaint in time to meet its own prior two-week extension.
7  Furthermore, GM's counsel has met and conferred with Plaintiffs' counsel and
8  indicated that GM intends to file a Motion to Dismiss Plaintiffs' Second Amended
9  Complaint. GM argues that "the brief 21 day extension is necessary so that GM can
10  evaluate the effect of the recall on the claims and defenses in this litigation and
11  avoid burdening the Court and the parties with unnecessary motion practice." (ECF
12  No. 62, p. 4). But GM's *ex parte* application burdens the Court, the Plaintiffs, and
13  their counsel with just that. And it's left as a mystery how GM's own Safety Recall
14  affects its arguments under Rule 12(b)(6) to dismiss claims based on Plaintiffs'
15  allegations.

16  Second, despite the selective wording of its motion, GM is the only party with
17  fault for creating this supposed crisis. GM cannot be surprised by its own massive
18  Safety Recall of 3.5 million Class Vehicles following a NHTSA investigation
19  ongoing since October of 2018 and its own recall in Canada in July of 2019.

20  GM's improper *ex parte* request is a litigation delay tactic, just as its
21  unsupported Motion to Dismiss filed tomorrow will also be. This litigation has been
22  pending for nearly a year, yet GM continues to avoid responding to the allegations
23  that it now admits *are true*. GM has now openly admitted to nearly every aspect of
24  its fraud on millions of consumers, and the putative class members need relief.

25  ///
26  ///
27  ///
28  ///

PLAINTIFFS' OPPOSITION TO GENERAL
MOTORS LLC'S EX PARTE APPLICATION

1    GM's *ex parte* application should be denied, and Plaintiffs request that the

2    Court consider whether GM and its counsel have met their obligations under Rule

3    11.[3]

4

5    DATED: September 16, 2019        Respectfully submitted,

6                                     **CORY WATSON, P.C.**

7

8

9                                  By: */s/ Adam W. Pittman*

10                                      F. Jerome Tapley
                                          [admitted *Pro Hac Vice*]
11                                        *jtapley@CoryWatson.com*
                                        Ryan Lutz
12                                        [admitted *Pro Hac Vice*]
                                          *rlutz@CoryWatson.com*
13                                      Adam W. Pittman
                                          [admitted *Pro Hac Vice*]
14                                        *apittman@CoryWatson.com*
                                        2131 Magnolia Avenue South
15                                      Birmingham, Alabama 35205
                                        Tel.:   (205) 328-2200
16                                      Fax:   (205) 324-7896

17

18
                                        **KIESEL LAW LLP**
19
                                        Paul R. Kiesel, State Bar No. 119854
20                                        *kiesel@kiesel.law*
                                        Jeffrey A. Koncius, State Bar No. 189803
21

22    [3] "[A]n attorney or unrepresented party certifies that to the best of the person's
      knowledge, information, and belief, formed after an inquiry reasonable under the
23    circumstances," that: "(1) it is not being presented for any improper purpose, such as
      to … cause unnecessary delay"; "(2) the … legal contentions are warranted by
24    existing law or by a non-frivolous argument"; and "(3) the factual contentions have
      evidentiary support … ." Fed. R. Civ. P. 11(b). While a Rule 11 motion by Plaintiffs
25    requires exercise of a 21-day safe harbor, "[o]n its own, the court may order an
      attorney, law firm, or party to show cause why conduct specifically described in the
26    order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).
27

28

koncius@kiesel.law
Melanie M. Palmer, State Bar No. 286752
 palmer@kiesel.law
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel.:   (310) 854-4444
Fax:   (310) 854-0812


**WYLY~ROMMEL, PLLC**

James C. Wyly
  [admitted *Pro Hac Vice*]
  jwyly@wylyrommel.com
Sean F. Rommel
  [admitted *Pro Hac Vice*]
  srommel@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Tel.:   (903) 334-8646

**BEASLEY ALLEN**

Clay Barnett
  [admitted *Pro Hac Vice*]
  Clay.Barnett@beasleyallen.com
4200 Northside Pkwy NW
Building One, Suite 100
Atlanta, GA 30327
Tel.:   (334) 269-2343
Fax:   (855) 674-1818

PLAINTIFFS' OPPOSITION TO GENERAL
MOTORS LLC'S EX PARTE APPLICATION