CROWELL & MORING LLP
Kathleen Taylor Sooy (admitted *pro hac vice*, ksooy@crowell.com)
Justin D. Kingsolver (admitted *pro hac vice*, jkingsolver@crowell.com)
1001 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: 202.624.2500
Facsimile: 202.628.5116

CROWELL & MORING LLP
Jared A. Levine (admitted *pro hac vice*, jalevine@crowell.com)
590 Madison Ave., 20th Floor
New York, NY 10022
Telephone: 212.223.4000
Facsimile: 212.223.4134

CROWELL & MORING LLP
Andrew Holmer (CSB No. 268864, aholmer@crowell.com)
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.443.5509
Facsimile: 213.622.2690

Attorneys for GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| SCOTT PECKERAR and SAMANTHA PECKERAR, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware corporation,<br><br>Defendant. | Case No. 5:18-cv-02153-DMG-SP<br><br>Honorable Dolly M. Gee<br><br>**GENERAL MOTORS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: November 8, 2019<br>Hearing Time: 9:30 AM<br>Courtroom: 8C<br>350 W. 1st Street, 8th Fl.<br>Los Angeles, CA 90012 |

& MORING LLP
ATTORNEYS AT LAW

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

# NOTICE OF MOTION AND MOTION TO DISMISS

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 8, 2019, at 09:30 a.m., or as soon thereafter as this matter may be heard by the Honorable Dolly M. Gee, in Courtroom 8C of the United States District Court for the Central District of California, 350 W. 1st Street, 8th Floor, Los Angeles, CA 90012, General Motors LLC ("GM"), will move this Court for an Order, pursuant to Rules 12(b)(1), 12(b)(6) and 9(b), to dismiss the Second Amended Complaint ("SAC") of plaintiffs Scott Peckerar and Samantha Peckerar in its entirety and without leave to amend on the following grounds:

1. In light of GM's September 11, 2019 recall of the relevant class vehicles, plaintiffs lack standing to assert their claims under the California Consumer Legal Remedies Act ("CLRA") (Count 1), California Unfair Competition Law ("UCL") (Count 2), and the Song-Beverly Consumer Warranty Act ("Song-Beverly") (Count 3); and

2. In light of GM's September 11, 2019 recall of the relevant class vehicles, plaintiffs' claims for injunctive relief under CLRA (Count 1), UCL (Count 2), and Song-Beverly (Count 3) are moot; and

3. Plaintiffs' omission-based claims under CLRA (Count 1) and UCL (Count 2) are not pled with the particularity required by Rule 9(b).

///
///
///
///
///
///
///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

1  This motion is made following the conference of counsel pursuant to L.R.
2  7-3, which took place on September 24, 2019, and is based on this Notice, Motion
3  and Memorandum of Points and Authorities, all pleadings on file with this Court,
4  and on such oral argument as may be presented at the hearing on this matter.

6  Dated: October 1, 2019                     CROWELL & MORING LLP

8                                             */s/ Kathleen Taylor Sooy*
9                                             Kathleen Taylor Sooy
                                              Jared A. Levine
                                              Andrew Holmer
10                                            Justin D. Kingsolver

11                                     Attorneys for GENERAL MOTORS LLC

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................... 1

SUMMARY OF FACTS ........................................................................................... 2

LEGAL STANDARDS ............................................................................................. 3

ARGUMENT ............................................................................................................. 4

    I.    PLAINTIFFS LACK STANDING TO PURSUE THEIR CLAIMS ...... 4

    II.    PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF ARE MOOT ..... 5

    III.    PLAINTIFFS STILL DO NOT PLEAD THEIR CLRA AND UCL CLAIMS WITH THE PARTICULARITY REQUIRED BY RULE 9(B) ........................................................................................... 7

CONCLUSION .......................................................................................................... 8

CROWELL & MORING LLP
ATTORNEYS AT LAW

-iii-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barakezyan v. BMW of N. Am., LLC*,
2016 WL 2840803 (C.D. Cal. Apr. 7, 2016) ............................................................... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................... 4

*Cetacean Cmty. v. Bush*,
386 F.3d 1169 (9th Cir. 2004) .................................................................................... 3

*Cheng v. BMW of N. Am., LLC*,
2013 WL 3940815 (C.D. Cal. July 26, 2013) ..................................................... 3, 5, 6

*Contreras v. Toyota Motor Sales USA, Inc.*,
2010 WL 2528844 (N.D. Cal. June 18, 2010) ............................................................ 4

*DaimlerChrysler Corp. v. Cuno*,
547 US. 334 (2006) ..................................................................................................... 3

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) .................................................................................................... 3

*Fletcher v. United States*,
116 F.3d 1315 (10th Cir. 1997) .............................................................................. 3, 5

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) .................................................................................................... 4

*Hadley v. Chrysler Grp., LLC*,
624 F. App'x 374 (6th Cir. 2015) ............................................................................... 5

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .................................................................................... 4

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal 2009) ......................................................................... 7

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-iv-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

*Parenteau v. Gen. Motors, LLC*,
2015 WL 13309475 (C.D. Cal. May 28, 2015) ........................................................ 7

*Sugasawara v. Ford Motor Co.*,
2019 WL 3945105 (N.D. Cal. Aug. 21, 2019) ................................................ 1, 5, 6

*Winzler v. Toyota Motor Sales U.S.A., Inc.*,
681 F.3d 1208 (10th Cir. 2012) ............................................................................... 6

**Statutes**

California Consumer Legal Remedies Act ........................................................... *passim*
California Unfair Competition Law ...................................................................... *passim*
Song-Beverly Consumer Warranty Act ..................................................................... 1,5
U.S. National Traffic and Motor Vehicle Safety Act ............................................... 1, 3
49 U.S.C. § 30118 .......................................................................................................... 3
49 U.S.C. § 30119 .......................................................................................................... 3
49 U.S.C. § 30120 ....................................................................................................... 3, 6
49 U.S.C. § 30165 .......................................................................................................... 3

**Rules**

49 C.F.R. 1.50 ................................................................................................................ 3
Fed. R. Civ. P. 9 .................................................................................................... 2, 4, 7
Fed. R. Civ. P. 12 ........................................................................................................... 3

**Other**

Exhibit A (https://static.nhtsa.gov/odi/rcl/2019/RCSB-19V645-6988.pdf) ........ 1, 2, 3

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-v-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiffs purchased a 2017 Chevrolet Suburban and allege that their vehicle has a malfunctioning brake vacuum pump. They allege this issue is not specific to their vehicle, but represents a "Class Defect" in the brake systems of several million "Class Vehicles."[1]

On September 11, 2019, GM and the National Highway Traffic Safety Administration announced GM's voluntary recall of nearly 3.5 million vehicles, including plaintiffs' vehicle and the Class Vehicles, to address brake vacuum pump issues. Ex. A.[2]

Plaintiffs bring claims for violations of the Consumer Legal Remedies Act (Count 1), Unfair Competition Law (Count 2), and Song-Beverly Consumer Warranty Act (Count 3), on behalf of themselves and a putative class of California purchasers and lessees. All three claims are subject to dismissal for the following reasons.

First, in light of GM's recall, plaintiffs' allegations of economic injury and "potential" future harm are too speculative to establish standing for their claims.

Second, GM initiated a complex and highly regulated recall remedy process supervised by NHTSA pursuant to the U.S. National Traffic and Motor Vehicle Safety Act. Under the doctrine of prudential mootness, this Court should defer to NHTSA's recall process and dismiss plaintiffs' claims for equitable relief under both CLRA and Song-Beverly, as well as their UCL claim seeking only equitable

---

[1] The SAC defines Class Vehicles as including all 2015 to present Chevrolet Suburbans, Cadillac Escalades, Chevrolet Tahoes, and GMC Yukons/Yukon XLs, as well as all 2014 to present Chevrolet Silverados and GMC Sierras.

[2] Product Safety Recall: N192268490 Increased Brake Pedal Effort (Sept. 2019), *available at* https://static.nhtsa.gov/odi/rcl/2019/RCSB-19V645-6988.pdf (Exhibit **A**). GM respectfully requests that the Court take judicial notice of this Recall Bulletin from NHTSA's official website. *See Sugasawara v. Ford Motor Co.*, No. 18-CV-06159-LHK, 2019 WL 3945105, at *1 (N.D. Cal. Aug. 21, 2019).

relief.

Third, plaintiffs' omission-based CLRA and UCL claims should be dismissed because even with the amendment granted by this Court, the SAC still fails to plead these claims with the particularity required by Rule 9(b).

## SUMMARY OF FACTS

On January 18, 2017, the Peckerar plaintiffs purchased a 2017 Chevrolet Suburban from Paradise Chevrolet, an independent Chevrolet dealership in Ventura, California. SAC ¶ 13. At unspecified times prior to their purchase, plaintiffs allegedly: (i) read an unspecified vehicle "window sticker" (*id*. ¶ 14); (ii) reviewed unspecified language of "the Suburban's owner's manual" (*id*. ¶ 15); (iii) conducted unspecified "internet research," including a review of an unspecified "GM[] website which described the Suburban and its safety features" (*id*. ¶ 16); and (iv) reviewed unspecified "safety literature" (*id*.). Plaintiffs do not plead the content of these materials or attach them to their complaint, nor do they plead or attach any samples of representations that plaintiffs allegedly relied on to make their purchase.

Plaintiffs allege that, following the purchase of their vehicle, they have had a series of brake problems requiring repeated servicing of their vehicle. *Id.* ¶¶ 14-25. Plaintiffs allege that the malfunctioning brake component is not unique to their vehicle, but rather is a symptom of a design defect in millions of GM vehicles across "19 affected vehicle models," from 2014 to present. *Id.* ¶¶ 28-34. Plaintiffs define this alleged "Class Defect" as a condition in which drivers experience a "hard brake pedal or [] increased effort is needed to depress the brake pedal." *Id.* ¶ 23. Plaintiffs do not allege any out-of-pocket damages or other economic harm.

On September 11, 2019, NHTSA and GM announced a voluntary, nationwide recall of nearly 3.5 million vehicles, including plaintiffs' vehicle and the Class Vehicles, relating to "increased brake pedal effort." Ex. A. The recall notice describes that "in some circumstances," the "vacuum pump output may decrease

over time, decreasing the amount of vacuum/power brake assist." *Id*. Pursuant to the recall, "[d]ealers will reprogram the electronic brake control module with a new calibration that will improve how the system utilizes [a] hydraulic brake boost assist function when vacuum assist is depleted." *Id*. The notice indicates that the recall will be carried out pursuant to the U.S. National Traffic and Motor Vehicle Safety Act and directs service personnel to repair the impacted vehicles' braking systems free of charge. *Id.*

Under applicable federal law, GM's voluntary recall of vehicles is subject to NHTSA oversight. *See* 49 U.S.C. §§ 30120(c)–(e), 30165(a); 49 C.F.R. 1.50(a). GM is required by statute to notify all relevant registered owners of the recall. *See* 49 U.S.C. §§ 30118(c), 30119(d). And GM is further obligated to "remedy the defect or noncompliance without charge when the vehicle or equipment is presented for remedy." 49 U.S.C. § 30120(a).

## LEGAL STANDARDS

A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (internal quotation marks omitted) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 US. 334, 352 (2006)).

"Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel to stay its hand, and to withhold relief it has the power to grant.'" *Cheng v. BMW of N. Am., LLC*, No. CV 12-09262 GAF (SHx), 2013 WL 3940815, at *2 (C.D. Cal. July 26, 2013) (*quoting Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must

contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims that sound in fraud, including claims premised on alleged fraudulent conduct under CLRA and UCL, must also meet the heightened pleading standards of Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO PURSUE THEIR CLAIMS.

The SAC does not allege injury-in-fact or causation sufficient to establish standing for plaintiffs' claims due to GM's recall. To have standing under Article III, "a plaintiff must show (1) it has suffered an injury in fact that is [] concrete and particularized and [] actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (internal quotation marks omitted).

Here, the SAC does not allege that plaintiffs have suffered any out-of-pocket or other concrete damages resulting from GM's conduct. Instead, the SAC makes the *conclusory* allegation that plaintiffs have been damaged by "the diminished value of the[ir] vehicle" (SAC at ¶ 140), which is insufficient to establish standing. *See, e.g.*, *Barakezyan v. BMW of N. Am., LLC*, No. CV 16-00173 SJO (GJSx), 2016 WL 2840803, at *4 (C.D. Cal. Apr. 7, 2016); *Contreras v. Toyota Motor Sales USA, Inc.*, No. C 09-06024 JSW, 2010 WL 2528844, at *6 (N.D. Cal. June 18, 2010) ("the allegation that [the plaintiffs'] vehicles are worth substantially less . . . is conclusory and unsupported by any facts"), *aff'd in part, rev'd in part sub nom.*, 484 F. App'x 116 (9th Cir. 2012).

Plaintiffs do not and cannot allege harm from overpayment because they do not and cannot "adequately allege that the Defect remains after the recall remedy

has been completed." *Sugasawara*, 2019 WL 3945105, at *6 ("If the post-recall remedy Vehicles perform as they would without the Defect, then it follows that the Vehicles' pre-defect values have likewise been restored"). The SAC does not make this necessary allegation.

Plaintiffs also cannot establish standing with their conclusory allegations of damage based on "actual and potential increased maintenance and repair costs." SAC at ¶ 140. "The SAC is devoid of any allegations that [Plaintiffs] paid out of pocket to repair or place parts," and therefore "[t]his theory of harm fails," as well. *Sugasawara*, 2019 WL 3945105, at *5.

Plaintiffs' allegations of "potential" future injury (SAC at ¶ 140) were speculative even before the recall was announced. Following the recall, such allegations are far too speculative to establish standing where, as here, plaintiff has not yet sought the recall remedy. *Sugasawara*, 2019 WL 3945105, at *6 (plaintiff could not establish standing without alleging that he "has availed himself of the recall remedy"); *Cheng*, 2013 WL 3940815, at *4 ("[I]t is unclear how Plaintiff can demonstrate injury in light of BMW's offer to completely repair the roll away defect"); *Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 380 (6th Cir. 2015) ("[T]he plaintiffs' assertion that the ORC Module repair may not be effective" evidences "a hypothetical possibility" rather than "an actual or imminent injury.").

## II. PLAINTIFFS' CLAIMS FOR EQUITABLE RELIEF ARE MOOT.

The doctrine of prudential mootness requires the dismissal of plaintiffs' requests for equitable relief under the CLRA, UCL and Song-Beverly. "Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel to stay its hand, and to withhold relief it has the power to grant.'" *Cheng*, 2013 WL 3940815, at *2 (*quoting Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997)).

In *Winzler v. Toyota Motor Sales U.S.A., Inc.*, the Tenth Circuit applied this doctrine to dismiss a vehicle defect class action based on Toyota's announcement of a voluntary recall after the litigation had begun. 681 F.3d 1208, 1210 (10th Cir. 2012) ("if events so overtake a lawsuit that the anticipated benefits of a [equitable relief] no longer justify the trouble of deciding the case on the merits . . . we will hold the case 'prudentially moot'").

Justice Gorsuch explained why a voluntary recall warranted dismissal of the plaintiffs' lawsuit:

> By filing documents with NHTSA . . . Toyota set into motion the great grinding gears of a statutorily mandated and administratively overseen national recall process . . . Toyota is now obliged by statute to notify all relevant registered owners of the defect . . . [and] to "remedy the defect or noncompliance without charge when the vehicle or equipment is presented for remedy." 49 U.S.C. § 30120(a). And Toyota has subjected itself to the continuing oversight of (and potential penalties imposed by) NHTSA[.]
>
> Given all this, there remains not enough value left for the courts to add in this case to warrant carrying on with the business of deciding its merits. Congress and the Executive have committed to ensure Ms. Winzler precisely the relief she seeks. At best, we might duplicate their efforts . . . . At worst, we might invite inter-branch confusion and turf battles over the details of carrying out an agreed objective . . . .

*Id.* at 1211; *see also Cheng v*, 2013 WL 3940815, at *2 (applying *Winzler* to dismiss vehicle defect class action in light of recall); *Sugasawara*, 2019 WL 3945105, at *6 (citing *Winzler* and holding that "Plaintiffs have not demonstrated 'a cognizable danger that the statutory recall process will fail.'").

Here, GM's voluntary recall is likewise subject to NHTSA's supervision, and GM will be obligated to notify owners of the recall and perform the remedy at no cost. Plaintiffs' injunctive relief claims should therefore be dismissed because they seek equitable relief already being provided by government. *Winzler*, 681 F.3d at 1209.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-6-

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' SAC;
CASE NO. 5:18-CV-02153-DMG (SPx)

## III. PLAINTIFFS STILL DO NOT PLEAD THEIR CLRA AND UCL CLAIMS WITH THE PARTICULARITY REQUIRED BY RULE 9(b).

Plaintiffs' CLRA and UCL claims should be dismissed for the additional and independent reason that the SAC still fails to plead these claims with the particularity required by Rule 9(b).

On July 24, 2019, this Court issued a decision (ECF No. 57) granting in part GM's motion to dismiss plaintiffs' First Amended Complaint ("FAC"). In their FAC, plaintiffs premised their omission-based CLRA and UCL claims on an allegation that GM failed to disclose the alleged defect in unspecified "sales documents." This Court held that plaintiffs' allegations failed to meet the particularity requirements of Rule 9(b), explaining:

> Nowhere in the FAC do Plaintiffs make consistent assertions . . . about *where* or *when* the alleged omission occurred. Additionally, Plaintiffs fail to plead *how* Defendant made the omission because they have not "provide[d] representative samples" about the content of any representations that they relied on "that failed to include the allegedly omitted information." *See Marolda*, 672 F. Supp 2d at 1002.

*Id.* at 4.

Even with this clear direction from the Court, plaintiffs' SAC still does not plead omission-based CLRA and UCL claims with particularity. Plaintiffs' SAC does not allege a single representation that GM ever made about plaintiffs' vehicle, or provide "representative samples of advertisements, offers, or other representations" that plaintiffs relied on to make their purchase. Instead, the SAC makes passing reference to an unspecified vehicle "window sticker" (*id*. ¶ 14); (ii) unspecified language in an owner's manual (*id*. ¶ 15); (iii) an unspecified "website" (*id*.); and (iv) unspecified "safety literature" (*id*.). Without pleading the contents or attaching samples of these materials, plaintiffs cannot assert that GM "could or should have used them to reveal the alleged [] defect." *Parenteau v. Gen. Motors, LLC*, No. CV 14-04961-RGK (MANx), 2015 WL 13309475, at *3 (C.D. Cal. May 28, 2015).

Plaintiffs have now failed to remedy this deficiency twice and dismissal with prejudice is therefore warranted.

## CONCLUSION

For these reasons, GM respectfully requests that the Court dismiss plaintiffs' Second Amended Complaint in its entirety without leave to amend.

Dated: October 1, 2019                     CROWELL & MORING LLP

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
Jared A. Levine
Andrew Holmer
Justin D. Kingsolver

Attorneys for GENERAL MOTORS LLC

# CERTIFICATE OF SERVICE

Pursuant to Rule 5-3 of the Local Civil Rules of the United States District Court for the Central District of California, I hereby certify under penalty of perjury under the laws of the United States of America that on October 1, 2019, a true copy of the above document was filed through the Court's Case Management/ Electronic Case Filing ("CM/ECF") System and served by that System upon all counsel of record registered for the System and deemed to have consented to electronic service in the above-captioned case.

Dated: October 1, 2019        CROWELL & MORING LLP

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy

Attorneys for GENERAL MOTORS LLC